AO 451 (Rev. 01/09) Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
## for the
### Middle District of Florida

| | |
|---|---|
| Liberty Media Holdings, LLC ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 6:10-CV-44-Orl-19GJK |
| Justin Krueger a/k/a Jake Lyons ) | |
| *Defendant* ) | |

FILED
2010 DEC -3  AM 11: 35
'10 MC 1478
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)*  October 12, 2010  .

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court and that no appeal has been filed or, if one was filed, that it is no longer pending.

Date: 11-19-10

**SHERYL L. LOESCH**
*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

LIBERTY MEDIA HOLDINGS, LLC,

        Plaintiff,

-vs-                                      Case No. 6:10-cv-44-Orl-19GJK

WINTICE GROUP, INC. doing business as men4rentnow.com, JOHN DOES 2-10, JUSTIN KRUEGER an individual also known ask Jake Lyons,

        Defendants.

## JUDGMENT IN A CIVIL CASE

**Decision by Court.** This action came before the Court. The issues have been heard and a decision has been rendered.

### IT IS ORDERED AND ADJUDGED

that Judgment is hereby entered in favor of Plaintiff Liberty Media Holdings LLC and against the Defendant Justin Krueger in the amount of $54,160.00 and interest shall begin collecting at a rate of 6% per annum from the date of this Judgment

Date: October 12, 2010

                                    SHERYL L. LOESCH, CLERK

                                    <u>s/R. Olsen, Deputy Clerk</u>

## CIVIL APPEALS JURISDICTION CHECKLIST

1. **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a) **Appeals from final orders pursuant to 28 U.S.C. Section 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

   (b) **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c) **Appeals pursuant to 28 U.S.C. Section 1292(a)**: Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d) **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5**: The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e) **Appeals pursuant to judicially created exceptions to the finality rule**: Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2. **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

   (a) Fed.R.App.P. 4(a)(1): A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) Fed.R.App.P. 4(a)(3): "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) Fed.R.App.P.4(a)(4): If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) Fed.R.App.P.4(a)(5) and 4(a)(6): Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) Fed.R.App.P.4(c): If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant

4. **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

Rev. 4/04

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC<br><br>Plaintiff,<br><br>vs.<br><br>JUSTIN KRUEGER a/k/a "JAKE LYONS,"<br>an individual; and JOHN DOES 2-10<br><br>Defendants | Case No. 6:10-CV-00044 |

### WRIT OF EXECUTION

TO:   THE UNITED STATES MARSHALL

YOU ARE DIRECTED to enforce the Judgment and to levy on the property subject to execution of JUSTIN KRUEGER a/k/a JAKE LYONS, including in the sum $54,160.00 with interest at 6% a year from October 12, 2010 until paid and to have this writ before said court when satisfied.

Dated: 11-19-10

By: _Deputy Clerk_

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC<br><br>Plaintiff,<br><br>vs.<br><br>JUSTIN KRUEGER a/k/a "JAKE LYONS," an individual; and JOHN DOES 2-10<br><br>Defendants | Case No. 6:10-CV-00044 |

### WRIT OF GARNISHMENT

TO:  THE UNITED STATES MARSHALL

YOU ARE COMMANDED to summon the garnishee upon whom this Writ is served to serve an answer to this writ on Marc Randazza, plaintiff's attorney, whose address is 302 Washington Street, Suite 321, San Diego, CA 92103, within 20 days after service on the garnishee, exclusive of the day of service, and to file the original with the clerk of this court either before service on the attorney or immediately thereafter, stating whether the garnishee is indebted to defendant, Justin Krueger, at the time of the answer or was indebted at the time of service of the writ, or at any time between such times, and in what sum and what tangible and intangible personal property of the defendant the garnishee is in possession or control of at the time of the answer or had at the time of service of this writ, or at any time between such times, and whether the garnishee knows of any other person indebted to the defendant or who may be in possession or control of any of the property of the defendant.

The amount Defendant is indebted to Plaintiff is $54,160 plus interest since October 12, 2010.

Dated: 11-19-10

By: *[signature]* Deputy Clerk


### UNITED STATES DISTRICT COURT

### MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC | Case No. 6:10-CV-00044 |
| Plaintiff, | |
| vs. | |
| JUSTIN KRUEGER a/k/a "JAKE LYONS," an individual; and JOHN DOES 2-10 | |
| Defendants | |

### CONTINUING WRIT OF GARNISHMENT

TO:   THE UNITED STATES MARSHALL

YOU ARE COMMANDED to summon the garnishee, upon whom this Writ is served, who is required to serve an answer to this writ on Marc Randazza, plaintiff's attorney, whose address is 302 Washington Street, Suite 321, San Diego, CA 92103, within 20 days after service of this writ, exclusive of the day of service, and to file the original with the clerk of court either before service on the attorney or immediately thereafter. The answer shall state whether the garnishee is the employer of the defendant JUSTIN KRUEGER a/k/a JAKE LYONS and whether the garnishee is indebted to the defendant by reason of salary or wages. The garnishee's answer shall specify the periods of payment (for example, weekly, biweekly, or monthly) and amount of salary or wages and be based on the defendant's earnings for the pay period during which this writ is served on the garnishee.



During each pay period, a portion of the defendant's salary or wages as it becomes due shall be held and not disposed of or transferred until further order of this court. The amount of salary or wages to be withheld for each pay period shall be made in accordance with the following paragraph. This writ shall continue until the plaintiff's judgment is paid in full or until otherwise provided by court order.

Federal law (15 U.S.C. §§1671–1673) limits the amount to be withheld from salary or wages to no more than 25% of any individual defendant's disposable earnings (the part of earnings remaining after the deduction of any amounts required by law to be deducted) for any pay period or to no more than the amount by which the individual's disposable earnings for the pay period exceed 30 times the federal minimum hourly wage, whichever is less.

For administrative costs, the garnishee may collect $5 against the salary or wages of the defendant for the first deduction and $2 for each deduction thereafter.

The total amount of the final judgment outstanding is $54,160.

FAILURE TO FILE AN ANSWER WITHIN THE TIME REQUIRED MAY RESULT IN THE ENTRY OF JUDGMENT AGAINST THE GARNISHEE FOR THE ABOVE TOTAL AMOUNT OF $54,160.

Dated on 11-19-10.

By _____
Deputy Clerk

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS020741
Cashier ID: nsiefken
Transaction Date: 12/03/2010
Payer Name: WALK-UP CUSTOMER
---------------------------------
MISCELLANEOUS PAPERS
 For: WALK-UP CUSTOMER
 Amount:        $39.00
---------------------------------
CHECK
 Check/Money Order Num: 2244
 Amt Tendered:   $39.00
---------------------------------
Total Due:      $39.00
Total Tendered: $39.00
Change Amt:      $0.00


There will be a fee of $45.00
charged for any returned check.
```